602 A.2d 813

RICHARD GIBBS, PLAINTIFF, v. ANGELA
HARRISON, DEFENDANT.

Superior Court of New Jersey
Law Division (Special Civil)
Essex County

Decided January 2, 1992.

674

*Richard Gibbs* appeared *pro se.*

*Angela Harrison* appeared *pro se.*

FAST, J.S.C.

This case involves conflicting public policy issues, which I suggest the legislature review.

Plaintiff alleged that defendant unlawfully entered his apartment and barred him from it, contrary to the provisions of *N.J.S.A.* 2A:39-1. The defendant relied upon a notice from the Construction Official of the municipality. The notice stated:

"Dear Ms. Harrison

Please be advised that the boarders/roomers at the above mentioned residence are in violation of zoning codes and must be vacated *immediately.*

Failure to comply will result in court action. Any further questions, please contact the undersigned." (Emphasis added.)

The signature block noted his authority: "Construction Official—Zoning Officer".

Ms. Harrison complied with the notice. She immediately "vacated" plaintiff, one of the roomers at the subject address; she simply locked him out, with no notice and without resort to the courts. She did not deny a theretofore existing landlord-tenant relationship.

The conflict in public policy results from contrasting the power of a municipality to enact and enforce zoning restrictions and other ordinances for the health and welfare of its inhabitants with the State policy of preventing "self-help" evictions of residential tenants.

Regardless of the availability of summary dispossess proceedings, *N.J.S.A.* 2A:18–53 or 2A:18–61.1, or summary actions

pursuant to *R.* 4:67 [as to which, see *Vasquez v. Glassboro Service Ass'n, Inc.,* 83 *N.J.* 86, 108, 415 *A.*2d 1156 (1980) ], a property owner charged with a violation of a municipal ordinance is still subject to defending the charge, and potentially subject to a fine if found guilty. With those prospects in mind, it is not unreasonable to expect a person such as the *pro se* defendant here to pursue a self-help remedy upon receipt of a notice such as Ms. Harrison received.

The summary dispossess proceeding pursuant to *N.J.S.A.* 2A:18–61.1 in the instance of violation of a municipal ordinance is likely to be of little avail, however. *N.J.S.A.* 2A:18–61.1g permits the summary dispossession of a tenant in the following four instances:

Where the landlord:

(1) has been cited for substantial violations affecting the health and safety of tenants,

(2) seeks to comply with local or State housing inspectors who have cited him [sic] for substantial violations affecting the health and safety of tenants and it is unfeasible to so comply without removing the tenant,

(3) seeks to correct an illegal occupancy because he [sic] has been cited by local or State housing inspectors and it is unfeasible to correct such illegal occupancy without removing the tenant, or

(4) is a governmental agency which seeks to permanently retire the premises from the rental market, etc.

[The above four instances have been abbreviated; not all of the conditions relating thereto have been set forth herein.]

The reason the landlord's resort to these bases for eviction are unlikely to be of much avail is that the landlord must first give the tenant *three months'* notice terminating the tenancy and demanding possession before commencing the action for possession. *N.J.S.A.* 2A:18–61.2c. The action might come on for trial, if without adjournment, within one more month; *i.e.,* the lawful eviction would require at least four months.

A landlord would have to undertake a serious risk by waiting to evict a tenant where the Construction Official, Zoning Officer, or Code Enforcement Officer is diligent. During all of that time, the landlord is subject to being charged with the violation of the ordinance.

It should be noted that although the subject violation was apparently an unlicensed rooming house or overcrowding, the same observation applies in cases of substantial health and safety violations. Not all of these violations are attributable to the landlord; a tenant may create health or safety hazards, or overcrowding. *Haddock v. Passaic Comm. Dev. Dept.*, 217 *N.J.Super.* 592, 526 *A*.2d 725 (App.Div.1987). Nevertheless, even a landlord who expeditiously pursues the eviction of a tenant in those circumstances may still be liable where a local enforcement officer zealously pursues the alleged violation of the municipal ordinance within that four month minimum period required for summary dispossession. The conflict in public policy should cause these principles to be re-evaluated by the legislature.

In the instant case, plaintiff made an application for summary relief by way of an Order to Show Cause pursuant to *N.J.S.A.* 2A:39–6. That statute provides, *inter alia,* that "the court may hear and determine an action therefor [unlawful detainer] in a summary manner". The Order was granted and included temporary restraints against further denying plaintiff possession. Upon serving the order on his landlord, he was returned to possession. On the return date of the order, the landlord agreed to continue plaintiff in possession (subject to landlord's right to proceed pursuant to *N.J.S.A.* 2A:18–61.1g and 61.2c) notwithstanding the possibility of municipal prosecution. Accordingly, the action for wrongful detainer was dismissed.[1]

---

[1] I do not know what the consequence will be to the landlord in the municipal court.